IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **JAQUELINE LOPEZ,** § | | CAUSE NO. |
| § | | |
| PLAINTIFF, § | | |
| § | | |
| V. § | | 7:18-cv-00187 |
| § | | |
| **AJUUA'S MEXICAN RESTAURANT, INC.** § | | |
| § | | |
| DEFENDANT. § | | JURY DEMANDED |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**Plaintiff JAQUELINE LOPEZ ("Plaintiff")** files this Complaint and would respectfully show the Court as follows:

### PARTIES

1. Plaintiff is an individual who currently resides in Midland County, Texas.

2. **Defendant AJUUA'S MEXICAN RESTAURANT, INC. ("Defendant")**, is a Texas Corporation with its principal place of business in Ector County, Texas. Defendant may be served with process through its registered agent, Griselda Ramirez, 2120 Andrews Hwy., Odessa, TX 79761.

### JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has federal question jurisdiction because the action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3).

4. Venue is proper in the U.S. District Court for the Western District of Texas, Midland-Odessa Division pursuant to 42 U.S.C. § 1391(b) because the unlawful practices alleged below were committed therein.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

5. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Plaintiff filed this suit within ninety (90) days of receiving a Notice of Right to Sue from the EEOC, a true and correct copy of which is attached hereto as Exhibit A.

## CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## FACTS

### Employer Background

7. Defendant is a restaurant in Odessa, Ector County, Texas.

8. Plaintiff worked for Defendant for approximately nine years, was gone for two to three years, and returned to work for about four years. She was eventually promoted to Manager of the day shift (AM Manager) of the restaurant.

9. Julian Rubio became Defendant's CEO on or about January 1, 2014. It is Plaintiff's understanding that Mr. Rubio purchased some of all of the stock in the restaurant, but that Griselda and Ezekiel Ramirez continue to receive a percentage of the sales of the restaurant.

10. Plaintiff is not privy to the details of the relationship or transaction between Mr. Rubio and Mr. and Mrs. Ramirez.

11. Plaintiff worked part time in the mornings during her entire employment with Defendant so that she could spend time with her children in the evening.

## Sexual Harassment

12. Plaintiff filed for divorce in October 2016. Julian Rubio began taking an interest in Plaintiff. He flirted with her regularly and told her that he wanted to be with her. He gave her furniture and money that was supposed to help her make a home for her children now that she was a single mom. Plaintiff accepted the gifts only as a loan with the intent to pay them back.

13. Julian Rubio invited Plaintiff to Ruidoso with him and told her she needed to eat marijuana brownies to relax her and reduce her stress. Julian Rubio also invited Plaintiff out to dinner and to a Dallas Cowboys football game.

14. Julian Rubio tried to take advantage of Plaintiff when she was in a vulnerable emotional and financial state due to the pending divorce.

15. In a telephone conversation, Julian Rubio told Plaintiff, "Everyone thinks we are fooling around, we might as well do it," or words to that effect.

16. Plaintiff declined to go out with Julian Rubio or to sleep with him. Once he began to understand that Plaintiff was not interested in him, he began to treat her differently.

17. Julian Rubio presented her with a schedule change and a non-compete agreement. He told her that if she did not accept both, she was terminated. The schedule change would not allow Plaintiff to be home when her children were out of school and jeopardized Plaintiff's ability to maintain custody of her children. Losing her job also affected Plaintiff's attempts to keep custody of her children.

## COUNT ONE-TITLE VII-SEX HARASSMENT

18. Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

19. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female. *See* 42 U.S.C. §2000e(f).

20. Defendant is an employer within the meaning of Title VII. *See* 42 U.S.C. §2000e(b).

21. Plaintiff was subjected to *quid pro quo* sexual harassment for which Defendant is strictly liable. CEO Julian Rubio conditioned the terms and conditions of Plaintiff's employment on an exchange of sexual favors.

22. Alternatively, Plaintiff was subjected to hostile work environment harassment based on her sex. Defendant knew or should have known about the harassment and failed to prevent and/or correct it.

23. Alternatively, Defendant is liable for Plaintiff's constructive discharge because a reasonable person under the same or similar circumstance would have resigned.

24. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages. Defendant's conduct was willful and justifies an award of punitive damages.

25. To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination. Alternatively, the reason(s) given for Plaintiff's termination, while true are only some of the reasons, and Plaintiff's sex was a motivating factor in the decision to terminate her employment. In other words, Defendant had mixed motives for Plaintiff's termination.

## DAMAGES

26. Plaintiff was discharged from employment by Defendant. Although she has diligently sought other employment, she has been unable to find a job at comparable pay. In addition, Plaintiff has incurred expenses in seeking other employment. Plaintiff suffered damage

to her pension or retirement benefits. Plaintiff seeks compensation for all back pay and lost wages and benefits, including loss of Social Security benefits. Reinstatement to Plaintiff's previous position is impractical and unworkable. Therefore, Plaintiff seeks an award of front pay and future lost wages and benefits. Plaintiff suffered mental anguish and emotional distress.

## ATTORNEY'S FEES

27. Plaintiff was forced to engage counsel to protect her rights. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees and costs (including, but not limited to, an award of reasonable expert witness fees), both trial and appellate, under Title VII, 42 U.S.C. §2000e-5(k).

## INTEREST

28. Plaintiff is entitled to prejudgment and post judgment interest at the highest lawful rate.

## JURY TRIAL DEMAND

29. Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for the following:

   a. Compensatory and punitive damages;

   b. Backpay and front pay;

   c. Attorneys' fees and costs;

   d. Prejudgment and post-judgment interest;

   e. Such other and further relief, at law or in equity, to which Plaintiff may show herself justly and lawfully entitled.

Respectfully submitted,

By: /s/ Holly B. Williams
    Holly B. Williams
    Texas Bar No. 00788674

**WILLIAMS LAW FIRM, P. C.**
1209 W Texas Ave
Midland, TX 79701-6173
432-682-7800
432-682-1112 (fax)
holly@williamslawpc.com

**ATTORNEY FOR PLAINTIFF**
**JAQUELINE LOPEZ**

EEOC Form 161 (11/16) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jaqueline Lopez<br>806 Powell St.<br>Midland, TX 79701 | From: | El Paso Area Office<br>100 N. Stanton St.<br>6th Floor, Suite 600<br>El Paso, TX 79901 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2017-34941 | Jessie E. Moreno, Investigator | (915) 534-4528 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- **NOTICE OF SUIT RIGHTS** -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*[signature]*
Lucy V. Orta,
Area Office Director

JUL 3 0 2018
*(Date Mailed)*

Enclosures(s)

cc:
JULIAN RUBIO
CEO
AJUUA'S MEXICAN RESTARUNT, INC.
2100 Andrews Highway
Odessa, TX 79761

Holly B. Williams
WILLIAMS LAW FIRM
1209 W TEXAS AVE
Midland, TX 79701

EXHIBIT A